OTIS HOWARD & another *vs.* JABEZ STEVENS.

It is not essential to the legal establishment of school districts in a town that the report of a committee appointed to divide the town into school districts should be recorded, if a vote accepting the report is passed and recorded, and the report itself is put on file.

TORT for taking a horse. The taking was the same for which the action of *Howard* v. *Proctor*, 7 Gray, 128, was brought. The defendant was one of the assessors who issued the warrants on which the horse was taken.

It was agreed, in the superior court, that the taxes were assessed in pursuance of votes certified to them for that purpose by the clerk of School District No. 9, in Chelmsford, if such district had a legal existence, and that there was no want of integrity or fidelity on the part of the assessors; but it was contended that School District No. 9 was never legally established. The records of the town showed that at a town meeting held on the 4th of April 1831, a committee appointed at a former meeting, being the selectmen, made a report in writing, dividing the whole town into territorial school districts by metes and bounds, and the town voted " to accept the report of the selectmen defining the limits of the several school districts in this town, by numbering said districts in their proper order." The report has ever since been on the files of the town, but the clerk in copying it upon the records omitted to copy District No. 9, or anything in relation thereto. Ever since that time District No. 9 has been managed, treated, known and recognized in all respects as an established district.

Upon these facts judgment was rendered for the defendant, and the plaintiffs appealed to this court.

*W. P. Webster*, for the plaintiffs.

*D. S. Richardson & G. F. Richardson*, for the defendant.

BIGELOW, C. J. The legal existence of the school district, by which the tax assessed on the plaintiffs was voted, was shown by sufficient and competent evidence. The omission of the clerk to record in full the report of the committee containing an

enumeration and description of the several districts into which the town was divided, did not invalidate the action of the town or prevent the due establishment of school districts therein. It was sufficient that the vote of the town accepting the report of the committee was duly recorded, and that the report was on the files of the town. The clerk of a town is not required by law to record the reports of committees. His duty is discharged by recording the votes passed by the town. Rev. Sts. c. 15, § 44. Gen. Sts. c. 18, § 45. In the present case the vote as recorded, in connection with the report of the committee in possession of the clerk, showed that the town was duly divided into nine districts, of which District No. 9 was one. *Bassett* v. *Porter,* 4 Cush. 487, 493. The tax having been duly voted by the district and certified to the assessors by the clerk, this action cannot be maintained against them, there being no proof of any want of integrity and fidelity on their part in assessing the tax for non-payment of which the plaintiffs' property was seized and sold. Rev. Sts. c. 7, § 44. Gen. Sts. c. 11, § 51.

*Judgment for the defendant.*